The opinion of the Court was delivered by
Nora, J.
Whether the circumstances of the gift and delivery of the property, in this case, were such as constituted a good gift, in contemplation of the death of the donor, is a question on which I shall give no opinion. That was a question in which the law and facts were so intimately connected and blended, as to be equally within the province of the jury as the Court. And if the ease had been submitted to them, with a fair and correct exposition of the law, it is probable this Court would not have disturbed the verdict. But the grounds on which I have founded my opinion are the two first taken in the brief, and which involve the correctness of the opinion expressed to the jury by the presiding judge.
After examining all the cases brought to the view of the Court, I have not been able to discover any foundation for the distinction made between a donatio causa mortis, and any other parol gift. The cases of Hedges v. Hedges, Precedents in Chancery, 269; Ward v. Turner, 2 Ves. 431; Miller v. Miller, 3 P. Wms., 356; and the case from 2 Ves., jr., 120, ( Tate v. Hilbert,) prove only what is not denied, that actual delivery is necessary. It is equally so in all other cases of parol gifts. In the case of Hedges v. Hedges, the Court are reported to have said, a donatio causa mortis is where a man, lying in extremity, gives, with his own hand, his goods to his friends about Mm ; but by looking through that case, it will be seen that no importance is to be attached to the particular manner of expression. It amounts to nothing more than that actual delivery is necessary.
*The consummation of every parol gift is delivery. There must be an actual transmutation of possession and property. And the real question in all such cases is whether the donor has parted with his dominion over it.
The same evidence, when there is nothing to weaken the force of it, will produce the same conviction on the minds of a jury, whether the donor be in full health or lying on a death-bed. If the possession pass *144 from the donor to the donee, in his presence, and with his consent, whether it be delivered by his hand, or only by his direction, is perfectly immaterial. In Toller’s Law of Executors, 234, a number of cases are collected, where a symbolical delivery was held sufficient. See, also, Bailey & Bogert v. Ogden, 3 John. Rep., 420; Wilkes v. Ferris, 5 John. Rep., 335.
Richardson, Attorney-General, for the motion. King, contra.
However, it is not my intention to show what would be a good delivery of the property in such a case. It is sufficient that the law was incorrectly stated to the jury, and that they may have been governed by it. To support such a verdict would, perhaps, give effect to one which the jury might not have found, if they had been correctly informed.
2. I think the defendant’s claim for a new trial is not less strong on the second ground. It has lately been determined by this Court, in several cases, that a jury cannot give vindictive damages in an action of trover.[1] The value of the property, with such damages as must necessarily be supposed to flow from the conversion, is the only true measure. Such, for instance, as the work and labor of negroes; interest on the value of dead property, &c. But in this case they may have done more than even give vindictive damages. They were led to believe that they might give damages, without regard to the real value of the property, or the injury which the plaintiff had sustained, for the purpose of coercing the defendant into terms, which they had no right to impose. If the jury had given only the real value of the property, annexing the alternative, it would have been harmless; for it would have done the defendant no injury, and it*would not have been compulsory on either party. But to permit a jury to give an arbitrary verdict, by way of penalty,[2] to compel the defendant into a measure inconsistent with the nature of the action, is not supportable on any principle of law. And no case can be more illustrative of the incorrectness of such a practice, than the one now under consideration. The defendant has a good ground for a new trial; but he must lose the benefit of it, or subject himself to the penalty which the jury have thought proper to inflict. Indulging such a practice would be creating a sanctuary for an erroneous opinion of the Court, which the judges, on their own account, should feel disposed to demolish.
' I do not know that the damages in this case are too high; but as the jury acted under a mistaken view of the law, they may have given damages higher than they otherwise would have done.
On the last ground, I shall make no observations in addition to the remarks incidentally made in considering the two first.
A new trial must be granted.
Colcock and Cheves, JJ., concurred. Gantt, J., dissented.

 Ante. 222.

 Ante. 3.

 2 McM. 371; Rice, 314. As to vindictive damages, see 11 Rich. 283, and 2 N. & McC. 543.